39), the right to reopen or modify in the interests of justice is not open to question. (*Matter of Henderson*, 157 N. Y. 423.) This court is of opinion that the facts justify its exercise in the case at bar. Rich, Seeger and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent.

WILLIAM LANDAU, Appellant, v. ELIZABETH F. PAGE and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

ALTER NOVICH, Appellant, v. ARMOUR AND COMPANY, Respondent.— Because the notice of appeal was not served in time, the appeal is dismissed, with ten dollars costs and disbursements. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACOB EDELSTEIN, Appellant, v. JACOB S. STRAHL, Justice of the Municipal Court, Respondent.— Order denying motion for a peremptory or an alternative mandamus order unanimously affirmed, with fifty dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

CHARLES E. SAMMIS, Respondent, v. C. BARCLAY WARD, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

STANDARD LIME COMPANY, Respondent, v. DE BELLIS REALTY CORPORATION and Others, Defendants, and GIBRALTAR CREDIT CORPORATION, Appellant.— Order striking out answer of defendant Gibraltar Credit Corporation and discontinuing action as to it affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

GEORGIA EDWYNA WALLACE, Appellant, v. MATTHEW ROSENBERG and Others, Defendants, and THOMAS A. CONNOR, Respondent.— Judgment dismissing complaint as to defendant Connor reversed upon the law and the facts, and a new trial granted, costs to appellant to abide the event. The evidence was sufficient to present a question of fact as to the negligence of defendant Connor. Young, Rich, Hagarty, Seeger and Scudder, JJ., concur.

BENJAMIN LEVITSKY and FRANK LEVITSKY, Doing Business as LEVITSKY & SON, Respondents, v. GEORGE B. TAYLOR, Defendant, and HERMAN BLATTNER, Appellant.— Application denied, with ten dollars costs.

ARTHUR LONDON, Appellant, v. NESTOR FAGNANT, Also Known as LOUIS FAGNANT, Defendant, and WALTER F. QUINN and ELLEN QUINN, Respondents.— Application granted.

SUSSMAN, WORMSER & CO., INC., Appellant, v. EDWARD RAY, Respondent.— Application denied, with ten dollars costs.

THEODORE B. HENNENLOTTER, as Trustee in Bankruptcy of HENRY GREENE, and Others, Respondents, v. HENRY SEINFEL and Others, Appellants.— Motion to dismiss appeal granted, with ten dollars costs. Judgments were entered by default in favor of plaintiffs, defendants moved to vacate, their motion was denied, and the time to appeal from the order of denial has expired. In view of this, an appeal from an order denying a motion to dismiss the complaint will not lie. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

In the Matter of the Application of LOUIS FRANK for an Order Directing Payment of the Award Made for Damage Parcel, Block No. 7256, Lot No. 1, Made in the Final Decree in the Proceeding Entitled: In the Matter of Acquiring

Title by the CITY OF NEW YORK to Lands and Premises Consisting of the Blocks Bounded by Ocean Parkway, West Avenue, Van Siclen Place and Riverside Avenue, Borough of Brooklyn, Duly Selected as a Site for School Purposes According to Law.— Motion for payment of award referred to an official referee to hear and to report to this court with his opinion. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

In the Matter of the Application of BERTHA HEUSLER, Respondent, against WILLIAM E. WALSH and Others, Constituting the Board of Standards and Appeals of the City of New York, Defendants, and KRAM REALTY Co., INC., Appellant.— Motion granted in so far as it asks to have the papers on appeal remitted to the justice who made the order at Special Term, and papers so remitted for such action as the justice may deem advisable. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

AMERICAN TRUST COMPANY, as Trustee, etc., Respondent, v. THE THAYER-WEST POINT HOTEL CORPORATION and Others, Defendants, and BYRON C. HAWLEY, as Trustee, etc., Appellant.— Judgment modified by striking out, at folio 353 of the record on appeal, the date " October 29th, 1928," and substituting in its place " December 22, 1928; " by striking out the figures " $1,135,291.12," and substituting in their place " $1,140,951.76; " by striking out, at folio 377, the figures " $135,291.12," and substituting in their place " $140,951.76; " by striking out, at the same folio, the date " October 29, 1928," and substituting in its place " December 22, 1928; " by striking out, at folio 378, the figures " $1,135,291.12," and substituting in their place the figures " $1,140,951.76," and by striking out, at the same folio, the date " October 29, 1928," and substituting in its place the date " December 22, 1928." As so modified, the judgment is unanimously affirmed, with costs. No opinion. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ. Settle order on notice.

ENRICO CIPOLLA, Respondent, v. JAMES BUTLER, INC., Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Seeger and Scudder, JJ.

THE DOWN TOWN REALTY COMPANY, Respondent, v. R. CLIFFORD SIMPSON and DOROTHY G. SIMPSON, His Wife, Appellants, and LAURENCE M. LOEB and " MARY " LOEB, etc., Defendants. (4 Actions.) — Orders and order on reargument, denying motions of defendants Simpson to consolidate actions, reversed upon the law, with ten dollars costs and disbursements, and motion to consolidate granted, with ten dollars costs. These actions were brought to foreclose four mortgages upon four adjoining lots, executed by the same mortgagor to the same mortgagee upon the same day and upon the same terms, all being purchase-money mortgages, the premises in question having been conveyed in one deed by respondent. The mortgagor sold the four parcels to the same purchaser, taking four second mortgages for part of the purchase price. Whether or not these actions might have been consolidated under the provisions of the Code of Civil Procedure, the Civil Practice Act permits such consolidation. By section 8 of the Civil Practice Act the distinction between actions at law and suits in equity and the forms of those actions and suits have been abolished. By section 258 the plaintiff may unite in the same complaint two or more causes of action whether they are